UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY WOODARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14 CV 2099 RWS |
| DEFENDER SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This recently removed case has been reassigned to me and is before me on my review for subject matter jurisdiction. Defendant Defender removed this Missouri Human Rights Act discrimination case to this Court on December 23, 2014, citing diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff worked as a Defender Services security guard at Westinghouse's fuel fabrication facility. Plaintiff alleges that after she told her supervisor, John Beffa, and his boss, Rob Taylor, that she was pregnant, she was discriminated against on the basis of her sex and terminated. Plaintiff also alleges that she was subjected to racial discrimination during her employment. Plaintiff's state court petition names Defender, Westinghouse, Beffa, and Taylor as defendants. Although plaintiff, Beffa, and Taylor are all citizens of Missouri, Defender argues that diversity jurisdiction nevertheless exists because Beffa and Taylor are fraudulently joined. Defender's sole basis for this argument is that these two defendants were not named in plaintiff's charge of discrimination. According to Defender, Beffa and Taylor cannot be held liable under the MHRA and must be dismissed from this lawsuit. This argument, however, is incorrect.

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97, n.6 (8th Cir.1991). "It is settled, of course, that absent complete diversity a case is not

1

removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir.2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.' " *Id.* (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson,* 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir.2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

2

*Id.* at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)). In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); *see Filla,* 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

In order to pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir.1994)(citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id* .

In general, a plaintiff must exhaust his or her administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. See *Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo. 2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. *Id.* In the *Hill* decision, the Missouri Supreme Court wrote that the purpose of naming a party in the charge of

3

discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* at 669 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir.1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged...." *Id.* According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (citation omitted). In *Hill,* the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." *Id.* at 670.

Therefore, under Missouri law there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. Here, the Court is unable to determine at this juncture whether a Missouri court might determine that plaintiff may pursue her claims against the non-diverse individual defendants. Therefore, I will order plaintiff to file her opposition to the motion to dismiss and/or a properly supported motion for remand by no later than January 12, 2015. This Court is mindful that it must not engage in an intensive factual analysis, as when determining jurisdiction the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve

4

all facts in the plaintiff's favor. *Filla*, 336 F.3d at 811; see also *Allen v. DAL Global Services, LLC*, 2014 WL 2118007, * 5 (E.D. Mo. May 21, 2014).  The Court should not step from the threshold jurisdictional issue into a decision on the merits. See *Filla*, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").  If the issue is debatable, "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks and citation omitted).  Defendant may file any opposition by January 20, 2015.  No further briefing or a hearing will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that **plaintiff shall file her opposition to the motion to dismiss and/or a motion for remand with supporting memorandum by no later than January 12, 2015.  Defendant may file any reply brief in support of dismissal and/or an opposition to remand by January 20, 2015.  No further briefing or a hearing will be permitted.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015.